UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY L. GREGOR, | No. C-06-0677 SC |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO DISMISS ACTION <u>WITHOUT PREJUDICE</u> |
| ASTRAZENECA PHARMACEUTICALS, L.P. et al., | |
| Defendants. | |

Plaintiff Betty L. Gregor moves the Court to dismiss her action without prejudice, under Local Rule 7-11 and F.C.R.P. 41(a)(2).  The Court GRANTS the motion.

As an initial matter, the Court notes that, unlike certain related actions, the Court retains jurisdiction over the instant action, under Rule 1.5 of the Rules for Multidistrict Litigation. <u>See</u> 199 F.R.D. § 425 ("The pendency of a motion, order to show cause, conditional transfer order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any

way limit the pretrial jurisdiction of the court.").[1]

As to the merits, the Court is required, when ruling on a motion for voluntary dismissal, to "consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982). However, as Hamilton makes clear, "[p]lain legal prejudice does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." Id. Rather, it is created when, for example, "extensive discovery" and "intensive preparation for trial" have already been conducted by the defendant, or when the claims to be dismissed are inextricably linked to those which would remain. Kern Oil Refining Co. v. Tenneco Oil Co., 792 F.2d 1380, 1390 (9th Cir. 1986). And even then, a significant showing of such factors must be made. Id.

Defendants Astrazeneca Pharmaceuticals, L.P. and Astrazeneca L.P. have made no such showing of plain legal prejudice. Rather, they complain of Plaintiff's "bad faith tactics," of which they see the instant motion as an example, but give no examples of how they would suffer plain legal prejudice if the motion was granted. Defendants Astrazeneca Pharmaceuticals, LP and Astrazenaca LP's Opposition to Plaintiffs' Motion for Administrative Relief at 4.

---

[1] For the sake of clarity, the Court notes the terms "motion" and "order to show cause" as used in Multidistrict Litigation Rule 1.5 refer to motions and orders to show cause which are before the Judicial Panel on Multidistrict Litigation. They do not refer to motions or orders to show cause, such as the instant motion, which are before the district court in which a potentially transferred action was filed.

Frustration with a plaintiff's use of a procedural device to gain "some tactical advantage" is not grounds for denying its motion to dismiss without prejudice.  Hamilton, 679 F.2d at 145.

For the foregoing reasons, Plaintiff's motion to dismiss without prejudice is GRANTED.

IT IS SO ORDERED.

Dated: July 27, 2006

_____
UNITED STATES DISTRICT JUDGE